DLD-237                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2213
_____

IN RE:  DOROTHY HARTMAN,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-13-cv-01909)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 11, 2015
Before:  FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: June 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

        Dorothy Hartman, proceeding pro se, has filed a petition for a writ of mandamus

seeking review of Judge Diamond's refusal to recuse himself from presiding over her

civil case.  For the foregoing reasons, we will deny the petition for a writ of mandamus.

        As the parties are familiar with the case, we will review the procedural history

only as it pertains to the present mandamus petition.  In May 2013, Hartman filed a

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

complaint in the United States District Court for the Eastern District of Pennsylvania, alleging that Bank of New York Mellon (BNYM) and the City of Philadelphia violated her rights in connection with a foreclosure action brought against her in state court. In December 2014, Hartman filed a motion under 28 U.S.C. § 455, seeking the recusal of Judge Diamond on the ground that he "has shown a propensity of prejudice and leniency toward . . . culpable defendants." Judge Diamond denied the motion. Hartman then filed this petition for a writ of mandamus. The case remains pending in the District Court.

Mandamus is a proper means by which we review the denial of a recusal motion filed pursuant to § 455. Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). To determine whether mandamus relief is appropriate, we review the decision not to recuse for abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 & n.12 (3d Cir. 2004). Our inquiry is "whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias." Id. "[J]udicial rulings alone almost never constitute a valid basis for a bias or impartiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Hartman argues that Judge Diamond "has consistently shown himself to be egregiously prejudiced against the Plaintiff and in favor of the Defendants." This allegation, however, is based primarily on ordinary judicial decision-making. For instance, Hartman alleges that Judge Diamond "chose to improperly remand" the claims against BNYM to state court, "failed to review documents," "refused to hold an evidentiary hearing," "ignored Federal Rules of Evidence," and "perjured the docket with

2

information he knew to be untrue." But mere dissatisfaction with rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Hartman also complains about Judge Diamond's "attitude," asserts that he exhibits a "personal interest in the case," and alleges that he has been "unduly distrustful and suspicious of Plaintiff." These bare allegations are not sufficient to mandate recusal. See Liteky, 510 U.S. at 555-56 ("Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, image and even anger, that are within the bounds of what imperfect men and women . . . sometimes display."); see also In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (holding that recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation"). Accordingly, we will deny the mandamus petition.